# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| DASHANTE SCOTT JONES,<br>*Plaintiff*,<br><br>v.<br><br>OFFICER HUBERT,<br>*Defendant*. | No. 3:18-cv-898 (VAB) |

## INITIAL REVIEW ORDER

Dashante Scott Jones ("Plaintiff"), proceeding *pro se* and currently incarcerated at Garner Correctional Institution in Newtown, Connecticut, has filed a civil Complaint bringing claims under 42 U.S.C. § 1983 against Department of Correction Officer Hubert for violating his constitutional rights, while he was incarcerated at Cheshire Correctional Institution. Compl., ECF No. 1. On June 18, 2018, Magistrate Judge William I. Garfinkel granted Mr. Jones's motion to proceed *in forma pauperis*. *See* Order No. 11.

For the following reasons, the Complaint is dismissed in part. Mr. Jones's First and Eighth Amendment claims are **DISMISSED**. The case may proceed on Mr. Jones's Fourteenth Amendment procedural due process claim against Officer Hubert in her individual capacity for damages.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Jones's Complaint is very difficult to read. As best as the Court can surmise from his statement of facts, Mr. Jones is suing Officer Hubert for filing a false disciplinary report against him. On January 12, 2018, while incarcerated at Cheshire Correctional Institution, Officer Hubert allegedly wrote a disciplinary report against Mr. Jones for standing at his cell door and

touching his penis. Compl. ¶ 1. The charge was later dismissed. *Id.* ¶ 2. Nevertheless, Mr. Jones allegedly was placed in segregation following the incident, until February 23, 2015. *Id.* The disciplinary report and Mr. Jones's subsequent placement in segregation allegedly caused Mr. Jones mental distress. *Id.* ¶ 10.

## II.     STANDARD OF REVIEW

Prisoner civil complaints must be reviewed and any portion that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief, must be dismissed. 28 U.S.C. § 1915A.

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## III.    DISCUSSION

Mr. Jones appears to sue Officer Hubert for retaliating against him, in violation of his First Amendment right to free speech, subjecting him to cruel and unusual punishment under the

Eighth Amendment, and violating his right to procedural due process under the Fourteenth Amendment. Construed liberally, Mr. Jones's allegations state a plausible Fourteenth Amendment claim, but his First and Eighth Amendment claims are factually insufficient.

### A. First Amendment Retaliation

Mr. Jones argues that Officer Hubert retaliated against him. The Court finds that he has not stated a claim for retaliation under the First Amendment, and his First Amendment claim for retaliation therefore is dismissed.

"Prison officials may not retaliate against inmates for exercising their constitutional rights." *Riddick v. Arnone*, 11-cv-631 (SRU), 2012 WL 2716355, *6 (D. Conn. Jul. 9, 2012). "To prevail on a First Amendment retaliation claim, [a prisoner] must establish (1) that the speech or conduct at issue was protected, (2) that the [official] took adverse action against the [prisoner], and (3) that there was a causal connection between the protected [conduct] and the adverse action." *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (internal quotation marks omitted). "In the prison context, 'adverse action' is objectively defined as conduct 'that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights.'" *O'Diah v. Cully*, 08-cv-941, 2013 WL 1914434, at *9 (N.D.N.Y. May 8, 2013) (quoting *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003)); *see also Ramsey v. Goord*, 661 F. Supp. 2d 370, 399 (W.D.N.Y. 2009) (holding that prisoners may be required to tolerate more than average citizens before alleged retaliatory action against them is considered adverse).

To allege causation, the prisoner must allege facts "suggesting that the protected conduct was a substantial or motivating factor in the prison official's decision to take action against [him]." *Moore v. Peters*, 92 F. Supp. 3d 109, 121 (W.D.N.Y. 2015) (quoting *Burton v. Lynch*,

3

664 F. Supp. 2d 349, 367 (S.D.N.Y. 2009)). Facts used to determine retaliatory motive often include (1) temporal proximity between the protected conduct and the alleged retaliatory act, (2) the prisoner's prior good disciplinary record, (3) a finding of not guilty at the disciplinary hearing, and (4) statements by the official(s) showing motivation. *Id.*; *O'Diah*, 2013 WL 1914434, at *10.

"Because claims of retaliation are easily fabricated, the courts consider such claims with skepticism and require that they be supported by specific facts; conclusory statements are not sufficient." *Riddick*, 2012 WL 2716355, at *6. "Accordingly, plaintiffs in retaliatory motive cases must plead 'specific and detailed factual allegations which amount to a persuasive case' or 'facts giving rise to a colorable suspicion of retaliation.'" *Moore*, 92 F. Supp. 3d at 120 (quoting *Johnson v. Eggersdorf*, 8 Fed. App'x 140, 144 (2d Cir. 2001)).

Mr. Jones claims that Officer Hubert retaliated against him but has not alleged facts showing that he was engaged in protected speech or conduct, or that Officer Hubert's actions were motivated by retaliation. His claim, an entirely conclusory one, therefore must be **DISMISSED**.

### B. Eighth Amendment Claim

Mr. Jones claims that Officer Hubert violated his Eighth Amendment protection against cruel and unusual punishment "for sending [him] to segregation for nothing at all." Compl. at 7. He has not, however, alleged facts showing that he was subjected to any harmful or inhumane conditions while in segregation. The standard for an Eighth Amendment claim based on inhumane conditions of confinement contains both an objective and a subjective component: objectively, "the prison officials' transgression" must be "'sufficiently serious'" and

4

subjectively, "the officials [must have] acted, or omitted to act, with a 'sufficiently culpable state of mind,' *i.e.* with 'deliberate indifference to inmate health or safety.'" *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

"Under the objective element, while the Constitution 'does not mandate comfortable prisons,' inmates may not be denied 'the minimal civilized measure of life's necessities.'" *Alster v. Goord*, 745 F. Supp. 2d 317, 335 (S.D.N.Y. 2010) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed.2d 59 (1981)). Thus, prison officials cannot "deprive inmates of their 'basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety.'" *Id.* (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)). Such needs include the "essential bodily functions of toileting and showering." *Id.* at 336 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed.2d 156 (1992)) (internal quotation marks omitted). "Claims of such deprivations are generally found to be sufficiently grave when they involve the possibility of serious pain or injury." *Montalvo v. Koehler*, No. 90-cv-5218 (LJF), 1992 WL 396220, at *4 (S.D.N.Y. Dec. 21, 1992) (collecting cases).

Here, Mr. Jones has not alleged that he was subjected to any inhumane or unsanitary conditions while in segregation. He alleges only that the act of sending him to segregation violated the Eighth Amendment. Having not stated a plausible Eighth Amendment claim, this claim therefore is **DISMISSED**.

### C. Fourteenth Amendment Claim

Mr. Jones also appears to claim that Hubert's action violated his right to due process under the Fourteenth Amendment. The Court agrees that Mr. Jones has stated a plausible procedural due process claim.

5

The analysis for a of procedural due process claim "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (*per curiam*). In the prison context, *i.e.*, involving someone whose liberty interests have already been severely restricted because of his or confinement in a prison, the prisoner must allege that he was subject to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In *Sandin*, a prisoner subjected to a disciplinary term of thirty days confinement in restrictive housing did not sustain a deprivation of a liberty interest under the Due Process Clause. *Id.* at 486. Following *Sandin*, the Second Circuit has required courts to examine the actual punishment received, as well as the conditions and duration of the punishment. *See Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004).

As to the second step of the analysis, the plaintiff is entitled to the following before he or she can be deprived of a constitutionally significant liberty interest: (1) written notice of the charges; (2) the opportunity to appear at a disciplinary hearing and a reasonable opportunity to present witnesses and evidence in support of the defense, subject to the correctional institution's legitimate safety and penological concerns; (3) a written statement by the hearing officer explaining his decision and the reasons for the action being taken; and (4) in some circumstances, the right to assistance in preparing a defense. *See Wolff v. McDonnell*, 418 U.S. 539, 564–69 (1974).

In this case, Mr. Jones alleges being placed in segregation for more than thirty days, following Hubert's accusation that he masturbated at his cell door, a charge allegedly later

dismissed. Although Mr. Jones's factual allegations are sparse as to the specific due process protections of which he was deprived, the Court will construe his allegations liberally and permit his procedural due process claim to proceed against Officer Hubert in her individual capacity for damages.[1]

## ORDERS

(1) Mr. Jones's First and Eighth Amendment claims are **DISMISSED**. The case may proceed on the Fourteenth Amendment procedural due process claim against Officer Hubert in her individual capacity for damages.

(2) The Clerk shall verify the current business addresses for Officer Hubert with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to her at the confirmed address within twenty-one (21) days of this Order, and report to the Court on the status of the waiver request on the thirty-fifth (35th) day after mailing. If Officer Hubert fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshal Service on her, and she shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(3) Officer Hubert shall file her response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to her. If she chooses to file an answer, she shall admit or deny the allegations and respond to the cognizable claim recited above. She may also include any and all additional defenses permitted by the Federal Rules of Civil Procedure.

---

[1] To the extent Mr. Jones is suing Hubert in her official capacity for damages, his claim is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985).

(4)     Discovery, pursuant to Federal Rules of Civil Procedure 26–37, shall be completed within six months (180 days) from the date of this order. Discovery requests need not be filed with the Court.

(5)     All motions for summary judgment shall be filed within seven months (210 days) from the date of this Order.

(6)     Mr. Jones' motion to modify the standing protective order, ECF No. 9, is **DENIED**. The motion to amend the complaint, ECF No. 8, is **GRANTED**. The Court accepts the additional evidence submitted by Mr. Jones and incorporates it into his Complaint.

SO ORDERED at Bridgeport, Connecticut, this 26th day of June, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE